**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MILTON THORPE,**

**Plaintiff,**

**v.** **Civil Action No. 3:22cv705**

**SIMS METAL, *et al.*,**

**Defendants.**

**MEMORANDUM OPINION**

This matter comes before the Court on *pro se* Plaintiff Milton Thorpe's Second Amended Complaint. (ECF No. 18.)

Thorpe's Second Amended Complaint offends Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief, and the Court's May 17, 2023 Memorandum Order directives regarding the Second Amended Complaint. (ECF No. 17.)

The Court granted Defendants Sims Metal, Tina Newcomb, and Chris Pieyet's ("Defendants") Motion to Dismiss, (ECF No. 12), but granted Thorpe leave to file a Second Amended Complaint, (ECF No. 17, at 7). The Court ordered that the Second Amended Complaint comply with the following directions:

1. At the top of the amended pleading, Thorpe must place the following caption in all capital letters: "SECOND AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:22cv705."

2. The first paragraph of the particularized Second Amended Complaint must contain a list of defendant(s). Thereafter, in the body of the particularized Amended Complaint, Thorpe must set forth legibly, in separately numbered paragraphs a short statement of the facts giving rise to his claim for relief. Thereafter, in separately captioned sections, Thorpe must clearly identify each federal or state law allegedly violated.

> Under each section, Thorpe must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.
>
> 3. Thorpe shall also include the relief he request – what in the law is called a "prayer for relief."
>
> 4. The particularized Second Amended Complaint must stand or fall on its own accord. Thorpe may not reference statements in the prior Complaints.
>
> 5. The particularized Second Amended Complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:08cv035, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 17, at 8.) Thorpe was advised that "this action will be dismissed with prejudice if he fails to file a Second Amended Complaint that strictly complies with the terms of th[e] Order." (ECF No. 17, at 8.)

The Court finds that Thorpe's Second Amended Complaint does not comply with the clear instructions set forth in the Court's May 17, 2023 Memorandum Order. (ECF No. 17.) Specifically, the Second Amended Complaint (i) does not "set forth [the statement of facts] . . . in separately numbered paragraphs;" and, (ii) does not "in separately captioned sections . . . explain why he believes each defendant is liable to him." (ECF No. 17, at 8.)

Pursuant to Federal Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a court may "act on its own initiative" with respect to dismissals under Federal Rule 41(b)).

Accordingly, Thorpe's Second Amended Complaint is DISMISSED WITH PREJUDICE. (ECF No. 18.)

An appropriate Order shall accompany this Memorandum Opinion.

Date: 6-1-2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge